CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar # 1138
FRANK PEREZ, ESQ.
Nevada Bar # 5738
McCULLOUGH, PEREZ & ASSOCIATES, LTD.
601 South Rancho Drive, #A-10
Las Vegas, Nevada  89106
(702) 385-7383
FAX (702) 385-6744
EMAIL: lawoffice@mcpalaw.com
*Attorneys for Gilmore Construction, LLC*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| In re: | )<br>)<br>) CASE NO.: 13-14004-mkn |
| Robert H. Seabrook Jr. and<br>Sondra G. Seabrook | ) CHAPTER: 7<br>)<br>)<br>) Adv. Proceeding No.: 13-01122-MKN |
| GILMORE CONSTRUCTION, LLC. | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROBERT H. SEABROOK, JR., AND<br>SONDRA G. SEABROOK | )<br>)<br>) |
| Defendants. | )<br>) |

## OPPOSITION TO APPLICATION TO EMPLOY THE LAW OFFICE OF TIMOTHY P. THOAMS, ESQ., AS COUNSEL FOR THE DEBTORS AND FOR COMPENSATION FROM THE ESTATE

Gilmore Construction, LLC, by and through its attorneys, the law firm of McCullough, Perez & Associates, Ltd., hereby opposes the Application to Employ the Law Office of Timothy P. Thomas Esq., as Counsel for the Debtors and for Compensation from the Estate.

. . .

## POINTS AND AUTHORITIES

The Seabrooks are seeking to circumvent a stipulation they entered for the protection of Creditor Gilmore Construction, LLC. The Seabrooks specifically agreed to freeze certain IRA accounts and agreed not to withdraw funds there from in order to assure Gilmore was protected in its ability to collect on an embezzlement claim.

In addition to the current motion, the Seabrooks filed a motion for a stay of the proceedings in which they cite that no prejudice will befall Gilmore Construction if a stay is issued because the accounts are frozen. Now the Seabrooks in one motion are claiming the accounts are frozen, to protect Gilmore; while also simultaneously seeking to dissipate those funds.

Gilmore Construction opposes the use of the frozen accounts as the source of payment for the Debtors' attorney as those funds were specifically frozen to protect Gilmore Construction's interests.

## FACTUAL BACKGROUND

As the Court is aware, this case involves embezzlement by the Seabrooks to the tune of over $600,000.00 from Gilmore Construction. Mrs. Seabrook was the internal controller for the company and Mr. Seabrook, then unknown to Gilmore Construction, was assigned by an outside accounting firm Houldsworth & Company to review Gilmore Construction's books. As has been repeatedly stated, Mr. Seabrook was the fox in charge of the hen house. He was in a position to cover up the embezzlement by Sondra Seabrook. The embezzlement was used to pay credit cards in the names of Robert and Sondra Seabrook.

Gilmore Construction sought a constructive trust against the retirement accounts of the Seabrooks. On July 29, 2013, at the outset of the adversarial proceedings, Gilmore Construction filed a motion for a temporary restraining order and preliminary injunction precluded Robert and

Sondra Seabrook from transferring assets. A copy of the motion, without exhibits, is attached as Exhibit "1" and is document No. 8 on file in the adversarial proceeding.

The motion provides a greater detail of the embezzlement by the Seabrooks. It also lists the Seabrooks' failure to disclose assets in their initial petition before the Bankruptcy Court. Multiple examples were provided including failure to identify employment benefits received, transfers of final paychecks into a retirement account in order to hide the money, failure to disclose corporate distributions in particular a wire transfer to a company owned by the Seabrooks. The motion for temporary restraining order and preliminary injunction further details the basis upon which the requested relief should be granted; citing the Nevada law regarding embezzlement, constructive trust and supporting arguments regarding the issuance of a preliminary injunction.

At the time of the filing of the motion for injunctive relief, the Debtors were represented by Carrie Hurtik. On August 6, 2013, a conversation was held between Ms. Hurtik and counsel for Gilmore Construction. The Seabrooks had not opposed the pending motion and agreed to the issuance of a preliminary injunction. A copy of the email to Ms. Hurtik is attached as Exhibit "2" which confirms the Seabrooks agreeing to an injunction precluding the liquidations of their assets; including what would otherwise be exempt assets. The order did not include funds they received from social security benefit or employment benefits.

The next several communications the proposed stipulation was amended and a final stipulation and order was signed by the parties and submitted to the Court. A copy of the stipulation and order issued by the Court is attached as Exhibit "3." The purpose of the stipulation was to protect Gilmore Construction's ability to collect against the accounts based on applicable law. The Seabrooks agreed to protection of Gilmore Construction by issuance of the stipulated agreement. Prior to the current motion, the Seabrooks did not seek to circumvent the

purpose of the stipulation and order. They had incurred attorney's fees and expenses since the issuance of the stipulated injunction. Now they seek to circumvent the protection afforded Gilmore Construction and are attempting to liquidate the assets which they agreed would not be done.

The Seabrooks were represented by counsel at the time they negotiated the stipulation and should not now be allowed to back out of the agreement. With that stipulation in place, Gilmore Construction was willing to enter extensive negotiations with the Seabrooks, which did not result in a resolution, but assured that protections existed for Gilmore given that the funds were at least in a frozen state. However, due to market fluctuations it is unknown what the current value of the assets would be.

At the time the Seabrooks entered the stipulation, they were aware an adversarial proceeding was in place. They were aware that discovery would need to be done and defense of a trial would need to take place. With this knowledge in hand, they agreed to freeze the assets. Now over a year later they are seeking to undo the agreement they executed. The Court should not grant the request.

The Seabrooks still receive social security benefits and are capable of paying their legal fees. The Seabrooks were able to post bond after being indicted. The Seabrooks at a "source hearing" regarding their bail, identified they both were capable of obtaining $4,000 each, and will continue to pay the bail bonds company.

While they are certainly entitled to obtain new counsel after the withdrawal of Ms. Hurtik, new counsel should not be allowed to reverse the agreement the Seabrooks entered at the outset of the litigation. Gilmore Construction has filed this opposition as to the use of the frozen assets for use of payment legal fees since the very purpose of the stipulation was to protect Gilmore Construction and now the Seabrooks are seeking to avoid the agreement they entered.

Notably, no other creditor may lay claim to the frozen assets.  Furthermore, the Seabrooks are free to use other assets that are not subject to the stipulation.  They own a property in Montana and a residence here in Las Vegas.

In conclusion, the assets that are subject to the stipulated order should not be made available to the Seabrooks.  They have sufficient sources of funds to pay new counsel, as they have already demonstrated they are capable of raising the initial retainer and other funds when they need money.

DATED this ___ day of October, 2014.

RESPECTFULLY SUBMITTED

McCULLOUGH, PEREZ & ASSOCIATES, LTD.

By_____
CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
601 S. Rancho Drive, #A-10
Las Vegas, Nevada  89106
*Attorneys for Plaintiff*
*Gilmore Construction, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the following OPPOSITION TO APPLICATION TO EMPLOY THE LAW OFFICE OF TIMOTHY P. THOMAS, ESQ. AS COUNSEL FOR THE DEBTORS AND FOR COMPENSATION FROM THE ESTATE.

Electronic service to the ECF service matrix and by depositing a true and correct copy of the above in a mailbox of the U.S. Post Office, enclosed in a sealed envelope, postage prepaid thereon, addressed to the following interested parties.

Timothy P. Thomas, Esq.
Law Office of Timothy P. Thomas, LLC
8670 W. Cheyenne Ave., Suite 120
Las Vegas, NV 89129
tthomas@tthomaslaw.com
Attorney for Debtors/Defendants

JOSEPH B. ATKINS
3815 South Jones Blvd., #5
Las Vegas, NV 89103
jbatkins@7trustee.net

Executed at Las Vegas, Nevada, on October __8__, 2014.

_____
Angie Gardner, employee of McCULLOUGH, PEREZ & ASSOCIATES, LTD.

# EXHIBIT 1

# EXHIBIT 1

1

2  CHRISTOPHER R. McCULLOUGH, ESQ.
   Nevada Bar # 1138
3  FRANK PEREZ, ESQ.
   Nevada Bar # 5738
4  McCULLOUGH, PEREZ & ASSOCIATES, LTD.
   601 South Rancho Drive, #A-10
5  Las Vegas, Nevada 89106
   (702) 385-7383
6  FAX (702) 385-6744
7  EMAIL: lawoffice@mcpalaw.com
   *Attorneys for Gilmore Construction, LLC.*
8

9

10                    **U.S. BANKRUPTCY COURT**

11                    **DISTRICT OF NEVADA**

12  In re:                              )
13                                      ) **BK CASE NO.: 13-14004-mkn**
    Robert H. Seabrook Jr. and          ) **CHAPTER: 7**
14  Sondra G. Seabrook                  )
                                        ) **ADVERSARY CASE NO.: 13-01122-mkn**
15                                      )
16  _____       )
                                        )
17  GILMORE CONSTRUCTION, LLC.          )
                                        )
18            Plaintiff,                )
                                        )
19  v.                                  )
                                        )
20  ROBERT H. SEABROOK, JR., AND        )
    SONDRA G. SEABROOK                  )
21                                      )
              Defendants.               )
22  _____       )
23

24  **MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
25  **INJUNCTION PRECLUDING ROBERT AND SONDRA SEABROOK FROM**
    **TRANSFERRING ASSETS**
26

27        Gilmore  Construction,  LLC.  by  and  through  its  attorneys,  the  law  firm  of

28

McCullough, Perez and Associates, moves this court for a Temporary Restraining Order and Preliminary Injunction precluding Robert and Sondra Seabrook from transferring assets pending resolution of this matter. This motion is made pursuant to FRCP 65 and the Point and Authorities set forth herein.

## I   BACKGROUND

Gilmore Construction LLC is a licensed Nevada Contractor. Gilmore has been serving the Las Vegas Valley for over a decade, and its principal Larry Gilmore has been in the Las Vegas Construction industry for over 40 years. Gilmore Construction hired Sondra Seabrook to serve as its bookkeeper. Mrs. Seabrook was recommended by Gilmore Construction's accounting firm; Houldsworth, & Company, P.C. (Houldsworth). Gilmore's accountant Alan Houldsworth, recommended Ms. Seabrook, and assured Gilmore he would review her work.

Co-Defendant Robert Seabrook was employed at Houldsworth as an accountant. Unknown to Gilmore Construction, Mr. Seabrook was assigned the task by Houldsworth to oversee his wife Sondra Seabrook's accounting of Gilmore's financial affairs. As things turned out, the fox was put in charge of the hen house.

After being installed into a position of trust, Mrs. Seabrook began embezzling money from Gilmore. With her husband, and co-conspirator reviewing the books, Gilmore was never alerted to the embezzlement. Over the next several years, Mrs. and Mr. Seabrook embezzled over $600,000 from Gilmore Construction.

Mr. and Mrs. Seabrook would run up expenses on their personal credit cards. Charges ranged from trips to dogs shows, airfare, hotel, utilities for their residence,

furniture for their children, payment of tuition for their children and various other expenses. Mrs. Seabrook would then cut a check from a Gilmore Construction account. She would list the expenditure under categories of legitimate expenses; such as workman compensation insurance.

The work of Mrs. Seabrook would be then be reviewed by her husband Robert Seabrook. He helped to cover up the theft by keeping the impropriety secret. The lived a lavish lifestyle by spending Gilmore Construction's money. It was not the first time they stole money from an employer.

In the 1980's Defendants embezzled funds from a local contractor (Jim Hammer) which was repaid under threat of prosecution. In order to pay back the stolen money, the Defendants obtained a loan from Gary G. Day (Exhibit "1" is a Motion for Partial Summary Judgment filed in the District Court of Clark County, Nevada. Exhibit "10" of the Motion is the Affidavit of Gary G. which sets forth the prior embezzlement) [1].

Then during the 1990's Defendant Sondra Seabrook was convicted in the United States District Court for the District of Nevada of embezzling funds from an employee benefit plan. (Case Number CR-S-92-194-PMP) (See Exhibit "1" the Motion for Partial Summary Judgment's Exhibits "1" and "1-A" are the Plea Agreement which reflects that the embezzled funds were paid to Defendant Robert Seabrook.)

Gilmore Construction filed suit in the District Court of Clark County Nevada. A copy of the amended complaint is attached as Exhibit "2". The previously reference

---

[1] The checks and bank statements which are Exhibits 3, 4, 5, 6, 7 and 8 to the Motion for Partial Summary Judgment are not attached to this pleading. The Exhibits number several hundred pages. For brevity they have not been included.

motion for partial summary judgment was filed on March 22, 2013. The Seabrook's did not file a responsive pleading. A "Notice of Failure to Oppose" was filed on May 1, 2013. A copy is attached as Exhibit "3". The hearing on the Motion for Partial Summary Judgment was scheduled for May 9, 2013. After failing to oppose the motion for summary judgment, the Seabrook's filed a Chapter 7 petition on May 7, 2013.[2]

Gilmore also filed a complaint in the state of Montana. A copy of the pleading is attached as Exhibit "4". The complaint sought to have a constructive trust placed upon a home the Seabrooks purchased in Montana. Gilmore alleges the embezzled funds were used to purchase the home. A motion for summary judgment was filed in that action as well. A copy of the motion is attached as Exhibit "5". The Seabrooks did not file an opposition to that motion either.

During creditor's meetings Gilmore Construction appeared and questioned the Seabrooks. On numerous questions the Seabrooks invoked their Fifth Amendment right against self incrimination. When asked if the allegations contained in the complaint filed in the State of Nevada were true, both invoked their Fifth Amendment right against self-incrimination. (cite to transcript)

During the creditors meeting the Seabrooks confirmed that certain assets were not disclosed in their initial petition. Some examples are;

1. Approximately $20,000 dollars received when they sold a vehicle shortly before the petition was filed.

2. A final paycheck of $17,000 from Houldsworth; which Mr. Seabrook

---

[2] Gilmore Construction also filed suit in Montana seeking to obtain a constructive trust on a home the Seabrook's purchased in Montana.

deposited into an IRA as a method of hiding the money.

3. Failed to disclose Mr. Seabrook is receiving unemployment benefits.

4. Failed to disclose $4,500 in security deposits in a Reno apartment they share with their daughter.

5. Mr. Seabrook held multiple online gaming accounts; and used funds on deposit prior to their filing to make post petition bets.

6. Failed to disclose a $3,500 cash gift to their daughter.

7. Failed to disclose a corporate distribution, specifically a wire transfer from Sealy Consulting directly to Mr. Seabrook.

8. Mrs. Seabrook confirmed she was receiving social security benefits, but failed to disclose simultaneously was receiving income from Gilmore Construction.

Gilmore Construction commenced an adversarial proceeding on July 16, 2013. The complaint seeks to determine the non- discharge ability of the debt owed to Gilmore. The complaint also seeks to impose a constructive trust upon the Debtor's purported exempt assets.

Under Nevada law a Constructive Trust arises when there is a confidential relationship between the parties, retention of legal title by the holder thereof against another would be inequitable and that the existence of such trust is essential to the effectuation of Justice.   A confidential relationship existed between Gilmore and Defendants Seabrook in that Defendant Sondra Seabrook was Plaintiff's bookkeeper, and Defendant Robert Seabrook performed accounting services on behalf of Gilmore.

According to their Chapter 7 petition, the Seabrook claim to hold $351,328.02 of exempt assets.  However, but for the embezzlement of over $600,000.00 of money from

Gilmore the Seabrooks would not had been able to acquire, establish or create the exempt assets as the funds used to create those assets would have been used for the payment of the Seabrook's expenses.

Retention of legal title of the purported exempt assets by the Seabrooks against Gilmore would be inequitable. The establishment of a Constructive Trust is essential to the effectuation of Justice. It assures Gilmore the ability to retrieve the embezzled funds, and precludes a windfall to the thieves. To do otherwise simply encourages an embezzler to use stolen funds to live a lifestyle beyond their means, then put their actual wages into exempt assts. The criminal can then claim the victim cannot touch the thieves' "money" because they are put into a traditionally exempt asset.

## II    STANDARD FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The court is empowered to temporarily restrain the Defendants from transferring any of their purportedly exempt assets during the pendency of this litigation.

> "The same standard applies to both temporary restraining orders and to preliminary injunctions." Hall v. Johnson, 599 F.Supp.2d 1, 6 n. 2 (D.D.C. 2009); Sterling Commercial Credit Michigan, LLC v. Phoenix Industries I, LLC, 762 F.Supp.2d 8 (D.D.C. 2011); Coalition for Parity, Inc. v. Sebelius, 709 F.Supp.2d 6 (D.D.C. 2010)

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, Secretary of the Navy, et al. v. Natural Resources Defense Council, Inc., et al. 555 U.S. 7,129 S.Ct. 365 (2008) citing to Munaf v. Geren, 553 U.S. 674 128 S.Ct. 2207, 171 L.Ed.2d 1, Amoco Production Co. v. Gambell, 480 U. S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U. S. 305, 311–312 (1982).

### A.    Gilmore is likely to succeed on the merits.

The first prong the court must examine is the likelihood of Gilmore succeeding on the merits. As set forth in the motion for summary judgment filed in State Court, (which the Seabrooks did not oppose), facts are sufficiently set forth to establish that the funds

were embezzled by the Seabrooks, and that a constructive trust exists.

**1.      Embezzlement**

Exhibits to the motion for partial summary judgment show checks signed by Mrs. Seabrook that are drawn upon Gilmore Construction accounts. The checks are made payable to various credit cards held in the names of Mr. and Mrs. Seabrook.

The Seabrooks have invoked their Fifth Amendment right against self-incrimination when questioned about the allegations in the complaint. The questions were posed during the creditor meetings. Transcripts of the creditors meeting, during which the Seabrooks invoke the Fifth Amendment are attached as Exhibit "6" and "7".

Candidly there does not appear to be any defense the Seabrooks can raise in response to the embezzlement allegations. They cannot dispute that the stolen money was used to pay their credit card debts. They have admitted that items purchased on the credit cards where for their benefit. They also used the stolen money to pay for gifts for their children and even paid tuition for one of their child's education. (See transcript). It is more than a mere possibility that Gilmore will succeed on the merits in regards to establishing the embezzlement claim.

**2.      Constructive Trust**

A constructive trust will arise and affect property acquisitions under circumstances where: (1) a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice. Locken v. Locken, 650 P. 2d 803, 98 Nev. 369, 371 (1982).

The Seabrooks held a confidential relationship with Gilmore; Mrs. Seabrook as the company bookkeeper and Mr. Seabrook as the company's outside accountant. Mrs. Seabrook has access to the company's financial information; equally so Mr. Seabrook was charged with preparing the company's financial statements. The first prong is easily met.

The second prong is met by the Seabrooks retaining the funds they otherwise would not have had. The Seabrooks used Gilmore's money, rather than their own, to pay

for extensive credit card debt. If the Seabrooks did not steal money from Gilmore, they would have been required to use their earnings to pay their debts. Instead, by using Gilmore's money to pay their bills, the Seabrooks were able to use their earning to obtain assets they could them claim were exempt from execution. It is inequitable to allow the Seabrooks to live off stolen money, while using earnings to build up what would otherwise be protected assets.

The third prong is closely tied to the second. To effectuate justice, the court must not allow a thief to prosper by their crimes. By living off stolen money, the Seabrooks were able to use their earnings to increase their retirement. In essence Gilmore paid for the Seabrooks to live high on the hog, while they also saved for their retirement. To effectuate justice, the court must find a constructive trust exists over those funds. Otherwise a thief will know they can spend the stolen money to pay their bills, but put "their" earnings in exempt assets. Then they can keep their own money and leave the victim without recourse.

**B.    Gilmore Will Suffer Irreparable Harm If Injunctive Relief Is Not Granted**

The Seabrooks have demonstrated a willingness to hide assets from the bankruptcy court. They failed to disclose that Mr. Seabrook was drawing unemployment benefits. They sold a vehicle but did not disclose the sale to the trustee. Only after they were questioned at a creditor's meeting by Gilmore did the sale come to light. It turned out they put those funds in an IRA (an exempt assets) apparently believing that would protect the funds. Now the trustee has learned a transfer into the IRA was made from the sale of a non-exempt asset.

Mrs. Seabrook has been collecting social security payments (an exempt asset), when she also requested Gilmore construction to pay her salary to a company owned by the Seabrooks. Gilmore did so, only after having her execute an independent contractor agreement. Checks were then made payable to Sealy Lake Consulting, LLC. This allowed Mrs. Seabrook to begin collecting social security, while also receiving a paycheck.

The Seabrooks have demonstrated a willingness to lie and cheat and steal in order to obtain money. They are lifelong criminals, having perpetrating embezzlement schemes for decades. There is little reason to believe they will not remove funds from purported exempt assets before this matter can be heard.

If a constructive trust is found to exists, Gilmore will actually be obtaining its own money. However if the Seabrooks are able to liquidate their purported "exempt assets" prior to judgment being entered, Gilmore will be deprived of the ability to collect the money.

The Ninth Circuit has stated;

> "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." Our decision thus implied that the traditional test for a preliminary injunction is applied in a case seeking money damages, and that if the plaintiff had demonstrated that the defendant's assets would be dissipated and no relief would otherwise be available, the preliminary injunction would have been appropriate. In re Estate of Ferdinand Marcos, Human Rights Litigation v Estate of Ferdinand Marcos, 25 F.3d 1467 (1994).

The court must now balance the equities.

## C.   Equity Favors Issuance of an Injunction

The court next must weigh the effect the injunction will have on both sides. Gilmore was the victim of a carefully executed embezzlement scheme. Over $600,000 was stolen in a systematic and calculated manner. An injunction precluding the dissipation of purported exempt assets, will give Gilmore some hope of collecting perhaps half of the money the Seabrooks stole. If Gilmore is successful in its litigation, a constructive trust will be obtained over the assets, and they in reality will belong to Gilmore and not be an exempt asset.

Contrast this to the Seabrooks equity. They will have to pay back the money that was stolen. Mrs. Seabrook currently receives social security benefits, and Mr. Seabrook receives unemployment insurance. Those funds are sufficient to pay their monthly living expenses. They can make ends meet until trial in this matter. If a constructive trust is not

1    found to exists, then the exempt assets will remain theirs.

2          Gilmore submits when weighting the equity, the court should find the balance tips

3    in Gilmore's favor.  Gilmore faces the harm of being unable to collect the money that was

4    stolen, the Seabrooks harm is they either have to pay it back, or wait a few months before

5    they have access to the funds.  In the meantime they have income with which to pay their

6    monthly expenses.

7    **D.    An Injunction Is In the Public Interest**

8          The public has an interest in seeing a victim of a crime made whole.  Justice is

9    served by preventing a criminal from prospering by their crimes.  The public good is also

10   served by holding a certified public accountant to a higher standard.  One that assures the

11   public that such a position of trust is not to be breached.

12   **E.    Injunctive Relief is Appropriate**

13         Each of the prongs weighs in favor of issuing injunctive relief.  The relief sought is

14   narrow in nature.  The Debtors will be precluded from transferring their purported exempt

15   assets pending adjudication of this matter.  The Debtor's have sufficient funds to make

16   their monthly living expenses, based upon their current income (social security benefits

17   and unemployment benefits).  The restraining order would not preclude the use of funds

18   received from the social security office.  It only seeks to preclude the liquidation of

19   purported exempt assets; upon which a constructive trust is likely to be found.

20         The funds would remain in their currently location so no harm will befall the

21   debtors.  The bond to be posted can be minimal in nature.  It is unlikely the debtors would

22   be liquidating their purportedly exempt assts, unless it was to hide the assets.  Gilmore

23   proposes a minimal bond of one thousand dollars.

     **III    CONCLUSION**

24         The court should issue a temporary restraining order to address the immediate

25   threat of dissipation of assets.  A preliminary injunction hearing should be set within 14

26   days unless the court determines good cause exists to extend the temporary restraining

27   order for a period greater than 14 days.  In any event upon hearing the matter, a

28

1  preliminary injunction should issue precluding the Seabrooks from liquidating,

2  transferring or encumbering their assets.  Excluded from the request are the funds Mrs.

3  Seabrook receives as current social security benefits proceeds, and unemployment

4  insurance benefits Mr. Seabrook currently receives.

5       DATED this 29th day of July, 2013.

6                           RESPECTFULLY SUBMITTED

7                           McCULLOUGH, PEREZ & ASSOCIATES, LTD.

8

9

10  By
    CHRISTOPHER R. McCULLOUGH, ESQ.
11  Nevada Bar #1138
    601 S. Rancho Drive, #A-10
12  Las Vegas, Nevada  89106
    Attorney for Plaintiff
13  Gilmore Construction, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# EXHIBIT 2

Ms. Hurtik,

      Pursuant to our conversation yesterday, attached is a stipulation and order issuing a preliminary injunction.  The injunction precludes the Seabrooks from liquidating their assets including what would otherwise be exempt assets.  The order does not include funds they receive from social security or unemployment benefits.

      Once you complete your review, if no changes are requested, please execute the document, so it may be filed today.  If you have any questions you may speak with either myself or Mr. McCullough.

--

Sincerely,
Frank Perez, Esq.

# EXHIBIT 3

# EXHIBIT 3

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 07, 2013

CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar # 1138
FRANK PEREZ, ESQ.
Nevada Bar # 5738
McCULLOUGH, PEREZ & ASSOCIATES, LTD.
601 South Rancho Drive, #A-10
Las Vegas, Nevada 89106
(702) 385-7383
FAX (702) 385-6744
EMAIL: lawoffice@mcpalaw.com
*Attorneys for Gilmore Construction, LLC.*

## U.S. BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) |
| | ) |
| Robert H. Seabrook Jr. and | ) **BK CASE NO.: 13-14004-mkn** |
| Sondra G. Seabrook | ) **CHAPTER: 7** |
| | ) |
| | ) **ADVERSARY CASE NO.: 13-01122-mkn** |
| | ) |
| | ) |
| GILMORE CONSTRUCTION, LLC. | ) |
| | ) **STIPULATION AND ORDER FOR** |
| Plaintiff, | ) **THE ISSUANCE OF A PRELIMINARY** |
| | ) **INJUNCTION PRECLUDING** |
| | ) **ROBERT AND SONDRA SEABROOK** |
| v. | ) **FROM TRANSFERRING ASSETS** |
| | ) |
| ROBERT H. SEABROOK, JR., AND | ) |
| SONDRA G. SEABROOK | ) |
| | ) |
| Defendants. | ) |
| | ) |

WHEREAS Plaintiff GILMORE CONSTRUCTION LLC (GILMORE), filed its adversary proceeding on July 16, 2013.

WHEREAS GILMORE filed a Motion for A Temporary Restraining Order and Preliminary Injunction Precluding Robert and Sondra Seabrook From Transferring Assets on July 29, 2013. The motion is set to be heard on an Order Shortening Time on August 8, 2013, at 10:00 a.m.

WHEREAS Defendant ROBERT H. SEABROOK, JR., and SONDRA G. SEABROOK have been served with a copy of the Complaint, Summons and papers filed in support of Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction Precluding Robert And Sondra Seabrook From Transferring Assets pursuant to the court's order dated July 30, 2013; along with their counsel.

WHEREAS Defendants ROBERT H. SEABROOK, JR. and SONDRA G. SEABROOK, acting by and through their counsel, are willing to agree to the entry of this Stipulated Preliminary Injunction Order.

It is hereby ORDERED, ADJUDGED and DECREED as follows;

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the parties.

2. Venue lies properly with this Court.

3. Plaintiff asserts that there is good cause for a preliminary injunction to issue precluding the Defendants from transferring, liquidating or encumbering any of their assets, including assets identified or claimed as "exempt assets" under either Nevada statutes of the US Bankruptcy code.

4. Defendants stipulated to the entry of the following relief during the pendency of this action.

5. By stipulating to this preliminary injunction, Defendants do not admit or deny any of the allegations set forth in the Complaint or moving papers, other than jurisdictional facts.

## <u>DEFINITIONS</u>

For the purposes of this preliminary Injunction Order ("Order"), the following definitions apply;

1.    "Assets" means any legal or equitable interest in , right to, or claim to, any and all real and personal property of Defendants, or held for the benefit of d personal property of Defendants, or held for the benefit of Defendants, including but not limited to chattel, goods, real estate, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located. "Assets" specifically includes, but is not limited to any assets which would otherwise be deemed "exempt" assets under Nevada Statutes (including NRS 21.090) and under the US Bankruptcy Code and those identified as Exempt by the Defendants in there bankruptcy petition schedules, including amended schedules, on file in CASE NO.: 13-14004-mkn

2.    "Defendants" means Robert H. Seabrook and Sondra G. Seabrook.

3.    "Retirement Accounts" are any Individual Retirements Account, ERISA, Keogh or other pension or profit sharing plans held for the benefit of the

Defendants.  These include but are not limited to those disclosed by Defendants in the Schedules on file.  The disclosed accounts are a follows;

| | |
|---|---|
| Houldsworth & Co . 401 K account xxxx406 | $47,023.75 |
| Franklin Templeton401k account xxxx0749 | $37,075.00 |
| Ameritrade IRA account xxxx0880 | $32,918.34 |
| Ameritrade IRA rollover account xxxx0199 | $112,030.31 |
| Franklin Templeton401k account xxxxx0385 | $22,909.26 |

4.    Non-Included Assets are social security benefits received by Sondra G. Seabrook and unemployment insurance payments received by Robert H. Seabrook.

IT IS THEREFORE ORDERED that Defendants, whether acting directly or through any corporation, partnership, subsidiary, division, affiliate, or other entity or device, are hereby preliminarily restrained and enjoined from transferring, liquidating or encumbering any of their assets, including assets identified or claimed as "exempt assets" under either Nevada statutes of the US Bankruptcy code.

IT IS FURTHER ORDERED that Defendants, whether acting directly or through any corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined from directly or indirectly:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, gifting, conveying, granting a lien or security interest or other interest in, or otherwise disposing of any funds,

real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:

1. Owned or controlled, directly or indirectly, by any Defendant, in whole or in part, including, but not limited to, any assets held by, for, or in the name of any Defendant at any bank or savings or loan institution or credit or debit card processing agent, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, or other financial institution, depository of any kind, or business entity;

2. Held for the benefit of any Defendant;

3. In the actual or constructive possession of any Defendant; or

4. Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, limited liability company, or other entity directly or indirectly owned, managed, or controlled by any Defendant, or any other entity acting under a fictitious name owned by or controlled by any Defendant, including, but not limited to, any assets held by, for, or subject to access by, any Defendant, at any bank or savings or loan institution or credit or debit card processing agent, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, or other financial institution, or depository of any kind;

IT IS FURTHER ORDERED that Defendants are not precluded from using Non-Included Assets.

IT IS FURTHER ORDERED that this preliminary injunction does not preclude the Trustee from selling the Defendant's property located at 135 Grandview Court

Seeley Lake, Montana 59868.

IT IS FURTHER ORDERED that this preliminary injunction becomes effective upon the Plaintiff posting a bond in the amount of One Hundred Dollars ($100.00).

IT IS FURTHER ORDERED that this preliminary injunction is effective until the conclusion of this proceeding or further order of this court.

IT IS FURTHER ORDERED that the hearing scheduled for August 8, 2013 is hereby vacated.

**IT IS SO ORDERED.**

McCULLOUGH, PEREZ & ASSOCIATES, LTD.

By: _____
CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
601 South Rancho Drive, #A-10
Las Vegas, NV 89106
*Attorneys for Plaintiff*

By: _____
CARRIE E. HURTIK, ESQ.
Nevada Bar # 7028
7866 W. Sahara Avenue
Las Vegas, Nevada  89117
*Attorney for Defendants*

###

Page 6 of 6